1 | LEVI REUBEN UKU, ESQ., SBN19640
2 | LAW OFFICES OF LEVI REUBEN UKU
  | 21550 Oxnard Street, 3rd Floor.
3 | Woodland Hills, CA 91367
4 | Phone:       (213) 385-0193
  | Fax:          (213) 385-0576
5 |
6 | Attorney for Plaintiff,
7 | Annette Hernandez
8 |
9 |
10 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES

| | |
|---|---|
| ANNETTE HARNANDEZ, an individual. | Case No.: 2:22-cv-09191-MWF-MAR |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR DAMAGES:** |
| vs. | |
| Walmart Stores Inc, a corporation; Walmart Associates Inc., a corporation; Angelica Angie Campos, an Individual and DOES 1 through 10, inclusive, | 1. **WRONGFUL TERMINATION <u>IN</u> VIOLATION OF PUBLIC POLICY; [FEHA – Govt. Code sec12900-12996; LABOR CODE § 232.5; §923; §1101; §1102; §6310; and §6400]** |
| Defendants. | 2. **RETALIATORY DISCHARGE <u>IN</u> VIOLATION OF PUBLIC POLICY** |
| | **[LABOR CODE § 232.5; §923; §1101; §1102; §6310; and §6400] THROUGH 12996** |
| | 3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | 4. **NEGLIGENCE** |
| | |
| | **JURY TRIAL DEMANDED** |

SECOND AMENDED COMPLAINT - 1

**COMES NOW PLAINTIFF,** ANNETTE HARNANDEZ **AND ALLEGES AS FOLLOWS:**

1.    ANNETTE HERNANDEZ., (hereinafter "HERNANDEZ"), is a Hispanic female residing in the County of Los Angeles, State of California.  At all times mentioned herein Plaintiff was an employee of Walmart Stores Inc, a corporation; Walmart Associates Inc., a corporation, employed in her capacity as a Cashier in the Sales Department of Defendant's company located in the City of Panorama City, State of California.  At all times relevant herein, Plaintiff conducted herself diligently and maintained an excellent employment record with Defendant through to the date of her wrongful termination in retaliation for Plaintiff participating in a protected activity.

2. Walmart Associates Inc., a corporation, (hereafter "DEFENDANT") is at all times relevantly a company of unknown origin but nevertheless doing business in the City of Panorama City, County of Los Angeles. At all times mentioned herein, Defendant is engaged in the retail business to the general public.  Defendant and its agents are responsible for the acts, occurrences and transactions set forth herein. The conduct and acts alleged herein were undertaken by Defendant's agents, management employees, as such Walmart Associates Inc.,, and its principals are primarily liable to Plaintiff for the damages claimed herein.

3.    Walmart Stores Inc, a corporation; is a corporation, (hereafter "DEFENDANT") is at all times relevantly a company of unknown origin but nevertheless doing business in the City of Panorama City, County of Los Angeles, State of California. At all times mentioned herein, Defendant is engaged in retail sales to the general

SECOND AMENDED COMPLAINT - 2

public. Defendant and its agents are responsible for the acts, occurrences and transactions set forth herein. The conduct and acts alleged herein were undertaken by Defendant's agents, management employees, as such Walmart Stores Inc, and its principals are primarily liable to Plaintiff for the damages claimed herein.

4.   Angelica Campos aka Angie Campos (hereafter and collectively "Defendant(s)), is at all times mentioned in this action a female residing in the County of Los Angeles, State of California and at times stated was the Walmart Store Manager #2568 8333 Van Nuys Blvd, Panorama City, CA 91402. Further, that Angelica Campos acts as the area manager of Walmart stores in the Region.

5.   At all times relevant in this action, Defendant Angelica Campos aka Angie Campos is an employee, General Manager and Director of the corporate Defendant named herein and was employed in her capacity as a store manager of store #2568 as stated on paragraph 4 above, who at all times was responsible for herself and on behalf of the other Defendants and each of them of the conduct which caused Plaintiff damages.

6.   Plaintiff is ignorant of the true names and capacities, whether corporate, partnership, association, individual or otherwise, of defendants sued herein as DOES 1 through 10 inclusive, as such Plaintiff sues said Defendants under the provisions of sections 474 of the California Code of Civil Procedure. Plaintiff is informed and believe, and on that basis allege that Defendants DOES 1 through 100 inclusive are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will amend this complaint to set forth the true names and capacities of

said fictitiously named Defendants, together with appropriate charging allegations when their true names are ascertained.

7.    Plaintiff is informed and believes, and on that basis allege that at all times mentioned herein each Defendants, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other defendants, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

8. Plaintiff is informed and believes and hereon alleges that the Defendants acted a joint tortfeasors at all times mentioned and acted in conjunction with each other in causing the damages and violations of Plaintiff's rights as stated in the preceding paragraphs of the complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES.

9.    Plaintiff has exhausted her administrative remedies by the timely filing of charges of administrative complaint with the California Department of Fair Employment and Housing (DFEH) filed on or about August 9, 2022, which resulted in the granting of a ***"right to sue letter"*** on August 9, 2022, based upon allegations similar and related to those alleged in this complaint.  The Copy of the right to sue are collectively attached herewith and incorporated by this reference as

*Exhibit "A".* All Defendants named in this complaint, except for the DOE Defendants whose true names and status in relation to Defendant Walmart Stores Inc, a corporation; Walmart Associates Inc., a corporation, were also named in the DFEH administrative complaint. To the extent that Plaintiff may be required to do so regarding such additional individual Defendants, Plaintiff shall amend the DFEH complaint to add additional Defendants and to secure, if required, the issuance of an amended right to sue letter relative to any additional Defendants.

## INDIVIDUAL DEFENDANTS SUBJECT TO DFEH.

10.    Walmart Stores Inc, a corporation; Walmart Associates Inc., a corporation, and its managing agents and DOES 1 through 10 are subject generally to the provisions of the DFEH and are also subject specifically to those provisions which prohibit discrimination, age, race and/or religion and/or national origin and medical condition, and retaliation for participating in a protected activity.

11.    The unlawful practices alleged to have occurred, as set forth in this complaint, are within the scope of the protections provided by the DFEH as set forth in the California Government Code and did occur

SECOND AMENDED COMPLAINT - 5

in the County of Los Angeles, State of California.  Records relevant to such unlawful conduct and practices are maintained in the County of Los Angeles and Plaintiff did work in the County of Los Angeles.  Direct and proximate damages from the unlawful acts of each of the Defendants exceed the jurisdictional minimum of Superior Court of California.

## RATIFICATION OF ACTS.

12.    In engaging in the acts set forth in this complaint, Defendants, whether named or unnamed, were acting in concert with, or at the direction of, or at the express or implied ratification of their supervisors and employers.  The acts of the individually named Defendant were known to Defendant Walmart Stores Inc, a corporation; Walmart Associates Inc., a corporation and such conduct was intentionally ratified by said Defendants.

## WORKSITE.

13.    Defendants, Walmart Stores Inc, a corporation; Walmart Associates Inc., a corporation, and DOES 1 through 10, and each of them, currently, and at all times herein mentioned, employed Plaintiff at said Defendant's business establishment currently, in the City of Panorama City, State of California.

## FACTAUL ALLEGATION COMMON TO ALL CAUSES OF ACTION

(a).    **Complaint of Plaintiff Annette Hernandez**

SECOND AMENDED COMPLAINT - 6

14. Plaintiff HERNANDEZ, is a Hispanic female who on or about November 18, 2014, started her employment with Defendants' predecessor, THE CARE GROUP. During her employment, Plaintiff HERNANDEZ worked in her capacity as a sales associate, who rose through the ranks to the position of a Cashier at a monthly income of $2,616.00 a month.

15. HERNANDEZ worked in her capacity as a Cashier and was not supported by Management as all prior complaints about security vulnerabilities fell on deaf ears.

16. On September 9, 2021, Plaintiff was attacked by a robber who was hooded and forcefully snatched at gun point over $12,000.00 cash sales from the person of the Plaintiff. The Robber handed Plaintiff a note which stated that the Robber would shoot the Plaintiff and the children in the store unless Plaintiff handed over the entire cash in cash drawer to the Robber. Plaintiff complied with the Robber's instructions at gun point. Plaintiff was traumatized by the incident. The plaintiff did not receive any assistance or help from the store management after the incident.

17. Defendants and each of them denied the Plaintiff help and support and neither offered any help or emotional support to the Plaintiff, Defendant Plaintiff immediate Supervisor Jennifer and Angie Campos the Store Manager asked Plaintiff to "suck up" what happened and go back to work. Despite the fact that Plaintiff was seriously traumatized and was visibly shaking as a result of the robbery incident, which impacted Plaintiff's mental health. Defendant Campos while acting for herself and as an agent of the other Defendants directed that Plaintiff go back to work immediately or be fired. Campos directed Jennifer to advise Plaintiff to return work or be terminated as per Store

policy. This adverse action was taken against Plaintiff because Plaintiff is Hispanic Nationality or Mexican origin.

18.    Plaintiff Hernandez requested accommodation so as to enable her to go home and to seek medical help as she was traumatized, with heart palpations, fast breathing, general nervousness and consumed with fear. Plaintiff's request for accommodation was denied in retaliation for exercising Plaintiff's rights protected by law, further, the adverse decision was based on Plaintiff's Nationality.

19.    Defendant Campos, the store Management rejected Plaintiff's for time off from work in order to obtain medical help, not seeing any support from the Management, Plaintiff left the employment and went home but fearing for her life since the stress symptoms increased, Plaintiff went to see her doctor, who diagnosed her with Post Traumatic Syndrome (PTSD) and placed Plaintiff on Disability on September 10, 2022.

20.    Plaintiff informed her immediate supervisor that she was taken off work by her doctor. Instead, the Defendants, while working together as agents of each other terminated the Plaintiff in retaliation for Plaintiff exercising her rights under the Family Leave Act. **See Exhibit "B" is a copy of the said Termination letter.**

21.    Plaintiff has been undergoing treatment for anxiety attacks, PTSD and other mental health issues resulting from the said incident.

22.    Plaintiff is currently being treated at Northeast Valley Mental Health Services for PTSD, Social Anxiety. Plaintiff does not like to be alone since after the said incident.

SECOND AMENDED COMPLAINT - 8

23.    As a result of the said incident and Defendants conduct Plaintiff has been prescribed a number of anti-depressant medications.

24.    As a result of the Defendants' conduct Plaintiff has lost her income, self-esteem, suffered emotional and psychological damage according to proof.

*FIRST CAUSE OF ACTION*

## (Against Walmart Stores Inc. Defendants)

**FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY [Gov. Code §§ 12900-12996] [LABOR CODE §** 232.5; §923; §1101; §1102; §6310; and §6400**]**

25.    Plaintiff by this reference incorporates in this cause of action each and every allegation of paragraphs 1 through 24 of the GENERAL ALLEGATIONS of this Complaint as though fully set herein.

26.    Plaintiff believes and based on their beliefs allege that Plaintiff was discharged from their employment as a result of Defendants' unlawful conduct of refusing to abide by employment condition for which Plaintiff was first employed.  The conduct of Defendants as alleged herein violated the fundamental public policies of the State of California which prohibits an employer from discharging an employee for engaging in a protected activity.

27.    Plaintiff believes and based on their beliefs allege that an employer – employee relationship existed between Plaintiff and Defendant Walmart Stores Inc, a corporation; Walmart Associates Inc., a corporation., in that Plaintiff HERNANDEZ was employed by Defendants on or about November 18, 2014, and Plaintiff worked

continuously for Defendant as a salaried employee in various capacities until her termination.

28.    On or about September 10, 2021, Defendants arbitrarily and without justification terminated and/or forced Plaintiff the loss Plaintiff's employment for going on disability/seeking medical treatment for the traumatic robbery event which occurred at work, which was a robbery which directly impacted the Plaintiff, by retaliation and hostile work environment in the workplace by failing to make safe such as providing adequate security guards to safeguard the workers and By wrongfully terminating Plaintiff on September 10, 2021.

29.    Plaintiff believe and based on her beliefs alleged that Plaintiff was subjected to an adverse employment action by terminating Plaintiff for engaging in a protected activity on the pretext.

30.    Plaintiff believes and based on her belief allege that at all times herein mentioned, the California Fair Employment and Housing Act, Government Code Section 12940 was in full force and effect and was binding upon all Defendants.

31.    Plaintiff believe and based on her belief allege that at all times hereto, California Labor Code §§6310, 6400, 1101, and 1102 were in full force and effect and was binding upon Defendants and each of them.  These laws prohibit retaliation against employees who complain about workplace discrimination, harassment, including unsafe working conditions, or work practices, in their employment or place of employment.

32.    Plaintiff believes and base on her belief allege that at all times hereto, California Labor Code §232.5 was in full force and effect and was binding upon Defendants and each of them.  This law prohibits

SECOND AMENDED COMPLAINT - 10

an employer from retaliating against an employee by disclosing
information about the employer's working conditions.

33.    Plaintiff believes and base on her belief allege that at all
times hereto, California Labor Code §923 was in full force and effect
and was binding upon Defendants and each of them.  This law prohibits
retaliation against employees for participating in concerted activities
for the mutual aid and protection of co-workers.

34.    Defendants violated the Government Code Section 12940
and Labor Code section §§232.5; §923; §1101; §1102; §6310; and §6400
which prohibit an employer from terminating an employee who engages
in a protected activity such as the right to disclosing information about
the employer's working conditions by an employer.

35.    Plaintiff is informed and believes and based on such
information and belief allege that the fundamental policies delineated
above are ones that inures to the benefit of the general public at large.
Reporting illegal activities is a policy that benefits the general public
and Defendants' simultaneous termination of Plaintiff because they
complained and reported of pervasive racial discrimination, harassment
and retaliation in the workplace clearly violated this public policy.

36.    Plaintiff re-alleges herein that as a consequence of
Defendants' wrongful termination of Plaintiff's employment because
Plaintiff exercised her rights under the code sections described above,
Plaintiff will also lose all employment benefits for which Plaintiff was
entitled to but has now been deprived of.

37.    As a direct and proximate result of Defendants' wrongful
termination as alleged herein, Plaintiff have suffered and continue to
suffer substantial losses in earnings and benefits, embarrassment,
mental and emotional distress, and discomfort all to Plaintiff' damages

SECOND AMENDED COMPLAINT - 11

in an amount in excess of the jurisdictional amount of this court to be proven at the time of trial of this action.

38.    Defendants committed the acts herein alleged maliciously and oppressively, with the wrongful intent to injure Plaintiff and with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff' rights.  Accordingly, Plaintiff requests the assessment of punitive and exemplary damages against each Defendant named in an amount appropriate to punish and make an example of each Defendant.

## SECOND CAUSE OF ACTION
## (AGAINST WALMART)
## FOR RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY
RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT
(GOV. CODE, § 12940, SUBD. (f))

39. PLAINTIFF restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in the paragraphs above.

40. The adverse actions as described in this Complaint which included Plaintiff's demand to make safe of the working place by providing adequate security and Plaintiff's request to take time off work to be treated from the personal and emotional injury Plaintiff suffered as a result of the armed robbery assault and battery at the place of work fully described above, and incorporated by reference herein and attack, the adverse action of Walmart and its agents of terminating the

SECOND AMENDED COMPLAINT - 12

Plaintiff after receiving Plaintiff's doctors off-work note, resulted after PLAINTIFF complained of inadequate security and of being placed on disability by Plaintiff's medical provider, constitutes unlawful retaliation against the Plaintiff for exercising her legal rights to undert under the Family Leave Act and under the worker's compensation laws of the State of California.

41. Defendants 'conduct constitutes unlawful retaliation in violation of the Fair Employment and Housing Act promulgated in Government Code section 12940, subdivision (f).

42. PLAINTIFF has exhausted her administrative remedies by timely filling charges of discrimination with the Department of Fair Employment and Housing, who issued to PLAINTIFF her right to sue letter permitting her to file this lawsuit.

43. As a direct and proximate result of DEFENDANTSN retaliatory conduct, PLAINTIFF has sustained and will continue to suffer damages in an amount that exceeds the jurisdiction of this Court, the exact amount to be proven at trial. Such damages include loss of valuable employment benefits; prejudgment interest and interest on the sum of damages at the legal rate; and other consequential damages, including damages for physical pain and suffering, shame, humiliation, mental anguish, and emotional distress caused by the conduct of DEFENDANTS.

44. DEFENDANTS committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF from an improper and evil motive amounting to malice,

and in conscious disregard of Plaintiff's rights. Such conduct was also authorized and/or ratified by an officer, director or managing agent of DEFENDANT Walmart and DOES 1 through 10.

45. In addition, PLAINTIFF is entitled to her attorney's fees in the prosecution of this lawsuit, pursuant to Government Code Section 12965, subdivision (b).

FOURTH CAUSE OF ACTION

## THIRD CAUSE OF ACTION
### (BY ALL PLAINTIFF AGAINST WALMART)
### **FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

46.    Plaintiff by this reference, incorporates in this cause of action each and every allegation of preceding paragraphs of the complaint as though fully set herein

47.    Plaintiff had been employed by Defendant since November 18, 2014.  Plaintiff had been productive and excellent employee contributing immensely to the operation and growth of Walmart Stores Inc, a corporation; Walmart Associates Inc., a corporation.

48.    Plaintiff further incorporate each and every allegation contained in preceding paragraphs of the complaint and General Allegations from above and from said incorporation alleges that commencing from about January 1, 2021, and continuing to the date of their termination. Plaintiff was continuously harassed, discriminated against, and retaliated against for requesting the provision of adequate security presence at the workplace. Further for exercising her rights under the Family Act and the California Worker's Compensation Act. The Defendants decision to terminate the Plaintiff on September1, 2021

SECOND AMENDED COMPLAINT - 14

for the legitimate exercise of her protected right to seek medical
treatment under the Family Leave Act and other applicable laws, was
motivated by racial and National Origin animus.

49.    Plaintiff believes and based on her beliefs alleges that said
violation and /or conduct of failure to provide adequate security to the
workers in the Cashiering Department, given the prior robbery
occurrence in the said store, posed a risk of harm to the general public
and the workers, especially those who are still employed with
Defendants.  Plaintiff complained of these violations and failure to
make safe to supervisors, managers, directors, and human resources
department but no corrective measures were taken.

50. Further, Plaintiff suffered severe emotional distress as a direct
result of the armed robbery assault and battery which occurred at the
Defendants premises described above. Plaintiff continues to suffer
nightmares, humiliation, and mental anguish as a result of the said
incident.

51. Rather than take precautionary and remedial measures to
address Plaintiff's complaint, Plaintiff was harassed, intimidated,
slandered, and retaliated against by Defendants by terminating
Plaintiff's employment for her complaints and exercise of her protected
rights in violation of the public policies of the State of California and
the United States.

52.    The conduct of Defendants as alleged in this complaint were
intentional and outrageous conduct.  The conduct was knowing,
intentional, and willful and done with a reckless disregard of the
probability of causing Plaintiff emotional distress.

53.    By subjecting Plaintiff to the conduct alleged in this
complaint, Defendant did so maliciously and oppressively, in that the

conduct was carried on by Defendant in willful and conscious disregard of Plaintiff' rights and subjected Plaintiff to cruel and unjust hardship. The Plaintiff is therefore entitled to recover punitive damages.

54.    As a direct and proximate result of Defendants conduct as alleged herein, Plaintiff and each of them has been injured in mind and body, Plaintiff suffered and continue to suffer emotional and physical distress, mental anguish, humiliation, loss of salary and benefits including retirement benefits and other damages that can prove at the time of the trial of this action.

## FOURTH CAUSE OF ACTION

### (By All Plaintiff Against All Defendants)
### **FOR NEGLIGENCE**

55.    Plaintiff by this reference, incorporates in this cause of action each and every allegation of paragraphs 1 through 54 of this complaint as though fully set herein

56.    Plaintiff believes and based on her belief and hereon alleges that as an employer, Defendant Walmart Stores Inc, a corporation; Walmart Associates Inc., a corporation., and its predecessors, its managerial agents, and each of them, owed a duty to discharge their duties to Plaintiff with that degree of diligence, care, and skill which ordinary prudent employer would exercise under similar circumstances in like position.

     a. Defendants, and each of them, individually and collectively, negligently, carelessly, and recklessly breached the duty of care owed to Plaintiff by, inter alia:

b.  failing to use reasonable care to avoid harassing practices that would cause injuries to the persons of Plaintiff as described in the preceding paragraphs and herein incorporated by reference as set forth fully herein;

c.  by failing to use reasonable care to prevent retaliatory practices that would cause injuries to persons of Plaintiff as described in the preceding paragraphs and herein incorporated by reference as set forth full herein;

d.  by violating Plaintiff's rights for engaging in protected activity, in violation of against public policy as described in the preceding paragraphs and herein incorporated by reference as set forth fully.

57.    As a direct and proximate result of the negligence of Defendants, and each of them, both individually and collectively, Plaintiff were severely injured in an amount to be determined at the time of the trial of this action.

**WHEREFORE**, Plaintiff prays that judgment be entered in their favor and against Defendants as follows:

**ON THE FIRST CAUSE OF ACTION FOR WRONGFUL TERMINATION**

1.  For general and special damages for severe emotional distress and mental suffering, according to proof;

2.  For interest at the legal rate;

SECOND AMENDED COMPLAINT - 17

3.    For exemplary damages in an amount to be determined by the Court; and

4.    For lost wages and employment benefits;

5.    For plaintiff's reasonable attorney's fees.


**ON THE SECOND CAUSE OF ACTION FOR RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY**

1.    For compensatory damages according to proof;

2.    For interest at the legal rate;

3.    For exemplary damages in an amount to be determined by the Court; and

4.    For plaintiff's reasonable attorney's fees.

**ON THE THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

1.    For compensatory damages, including lost wages and benefits in excess of the jurisdictional minimum of this court, according to proof;

2.    For interest at the legal rate;

3.    For exemplary damages in an amount to be determined by the Court; and

4.    For plaintiff's reasonable attorney's fees.

**ON THE FOURTH CAUSE OF ACTION FOR NEGLIGENCE.**

1.    For compensatory damages, including lost wages and benefits in excess of the jurisdictional minimum of this court, according to proof;

2.    For interest at the legal rate;

**ON ALL CAUSES OF ACTION**

SECOND AMENDED COMPLAINT - 18

1.    For compensatory damages, including lost wages and benefits in excess of the jurisdictional minimum of this court, according to proof;

2.    For plaintiff's costs of litigation;

3.    For exemplary damages according to proof where applicable;

4.    For attorney fees according to proof; and

5.    For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a trial by Jury.

*LAW OFFICES OF LEVI REUBEN UKU*

Date: March 14, 2023          By:_____

LEVI REUBEN UKU, ESQ
Attorney for Plaintiff
Annette Hernandez

SECOND AMENDED COMPLAINT - 19

# EXHIBIT 'A"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 9, 2022

Levi Reuben Uku
1055 W 7th Street suite 3300
Los Angles, CA 90017

RE:     **Notice to Complainant's Attorney**
          DFEH Matter Number: 202208-17859609
          Right to Sue: Hernandez / Walmatrt Stores Inc (Walmart Associates Inc)

Dear Levi Reuben Uku:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 9, 2022

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202208-17859609
       Right to Sue: Hernandez / Walmatrt Stores Inc (Walmart Associates Inc)

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 9, 2022

Annette Hernandez
40536 171 Street East
Lancaster, CA 93535

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202208-17859609
        Right to Sue: Hernandez / Walmatrt Stores Inc (Walmart Associates Inc)

Dear Annette Hernandez:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 9, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                       KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Annette Hernandez                                                    DFEH No. 202208-17859609

Complainant,

vs.

Walmatrt Stores Inc (Walmart Associates Inc)
8333 Van Nuys Blvd
Panorama City, CA 91402

Respondents
_____

**1.** Respondent **Walmatrt Stores Inc (Walmart Associates Inc)** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Annette Hernandez**, resides in the City of **Lancaster,** State of **CA.**

**3**. Complainant alleges that on or about **September 10, 2021**, respondent took the following adverse actions:

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied any employment benefit or privilege.

**Additional Complaint Details:** On September 9, 2021, Complainant who worked as a Cashier in Respondent store was attacked by an armed robber, who violently robbed the Complainant with a loaded gun, the robber inflced physical bruses and emotional damages to the Claimant. Claimant went to the hospital after the incident. Claimant was given time-off by her medical doctor. The following day the Respondent agents terminated the Complainant for taking time off to access medical care for the injuries she suffered as a result of the roberry attack.

-1-
*Complaint – DFEH No. 202208-17859609*

Date Filed: August 9, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Livinus Reuben Uku, Esquire**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On August 9, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, California**

-2-
*Complaint – DFEH No. 202208-17859609*

Date Filed: August 9, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

# EXHIBIT "B"

CONTINUATION SHEET

# LOS ANGELES POLICE DEPARTMENT



**MICHEL R. MOORE**
Chief of Police

**ERIC GARCETTI**
Mayor

P. O. Box 30158
Los Angeles, CA  90030
Telephone: (213) 486-8110
FAX: (213) 486-8125
TDD: (877) 275-5273
Ref #: 10.4

Date: RSS AUG 1 5 2022 3 6 6 4

Dear Requestor:

Enclosed is a copy of the report you requested from the Los Angeles Police Department. Pursuant to Section 6254 of the Government code, information deemed non-releasable or confidential has been blocked out or pages removed.

If you have any questions or concerns regarding this matter, please contact the Document Processing Unit at (213) 486-8110.

Respectfully,

MICHEL R. MOORE
Chief of Police

ELENA NIHOA-ASUCAN, Police Administrator
Commanding Officer
Records and Identification Division

Enclosure

AN EQUAL EMPLOYMENT OPPORTUNITY EMPLOYER
www.LAPDOnline.org
www.JoinLAPD.com

02/2022-14

Page __1__ of __3__   03.01.00 (03/18)

## Los Angeles Police Department
## INVESTIGATIVE REPORT

**CASE SCREENING FACTOR(S)**

- [X] SUSPECT/VEHICLE NOT SEEN
- [X] PRINTS OR OTHER EVIDENCE NOT PRESENT
- [X] M.O. NOT DISTINCT
- [X] PROPERTY LOSS LESS THAN $5,000
- [X] NO SERIOUS INJURY TO VICTIM
- [X] ONLY ONE VICTIM INVOLVED

**TRANSIT SERVICES BUREAU**

REPORT OF: ROBBERY   UCR CODE: 210   CC: 210   [ ] MULTIPLE ORS ON THIS REPORT

INVEST DIV: MISN   INC #: 210509002836   DR #: 2/19-13090

**VICTIM**
LAST NAME, FIRST, MIDDLE (OR NAME OF BUSINESS): WALMART
SEX: | DESC: | HT: | WT: | AGE: | DOB:

ADDRESS R-: B- 8333 VAN NUYS BLVD
E-MAIL ADDRESS: | ZIP: 91402 | PHONE: 818/830-0350

DR. LIC. NO. (IF NONE, OTHER ID & NO.): | FOREIGN LANGUAGE SPOKEN: | CELL PHONE:
OCCUPATION: RETAIL STORE

**PREMISES (SPECIFIC TYPE):** BUSINESS   [ ] ATM

LOCATION OF OCCURRENCE: SAME AS V'S [ ] RES [X] BUS   R.D. 1985
PRINTS BY PRSL. INV: [ ] Y [ ] N
ATTEMPT OBTAINED: [ ] Y [X] N

**ENTRY 450/BFV POINT OF ENTRY:** | POINT OF EXIT:
- [ ] FRONT
- [ ] REAR
- [ ] SIDE   METHOD:
- [ ] ROOF
- [ ] FLOOR   INSTRUMENT/TOOL USED:
- [ ] OTHER

DATE & TIME OF OCCURRENCE: 09/09/21   1430-1435
DATE & TIME REPORTED TO PD: 09/09/21   1520

TYPE PROPERTY STOLEN,LOST/DAMAGED [ ] 03.04.00 GIVEN: U.S. CURRENCY
STOLEN/LOST: $ 12,345.42
RECOVERED: $
EST. DAMAGED/ ARSON / VAND: $

**VICT'S VEH. (IF INVOLVED) YEAR, MAKE, TYPE, COLOR, LIC. NO.** NVI —
NOTIFICATION(S) (PERSON & DIVISION): RHWTS #21-07871
CONNECTED REPORT(S) (TYPE & DR #):

**CTSOR MAJOR CRIMES**

**MO** (IF LONG FORM, LIST UNIQUE ACTIONS. IF SHORT FORM, DESCRIBE SUSPECT'S ACTIONS IN BRIEF PHRASES, INCLUDING WEAPON USED. DO NOT REPEAT ABOVE INFO BUT CLARIFY REPORT AS NECESSARY. IF ANY OF THE MISSING ITEMS ARE POTENTIALLY IDENTIFIABLE, ITEMIZE AND DESCRIBE ALL ITEMS MISSING IN THIS INCIDENT IN THE NARRATIVE.)

SUSP WALKED UP TO MONEY SERVICE COUNTER AND HANDED NOTE TO CASHIER DEMANDING MONEY. SUSP STATED "GIVE ME THE MONEY OR I'LL SHOOT YOU AND THEN START WITH THE KIDS" IN FEAR, VICT HANDED MONEY.

**SHOTS FIRED**

TRANSIT-RELATED INCIDENT [ ]
MANDATORY MARSY'S RIGHTS CARD PROVIDED TO THE VICTIM [X]
MOTIVATED BY HATRED/PREJUDICE [ ]
DOMESTIC VIOLENCE [ ]

**REPORTING EMPLOYEE(S)**

| INITIALS, LAST NAME | SERIAL NO. | DIV./DETAIL | PERSON REPORTING | SIGNATURE | OR RECEIVED BY PHONE [ ] |
|---|---|---|---|---|---|
| ALTAMIRANO | 42965 | MISN | [X] | (signature) | |
| KASSENS | 42939 | 19X99 | NOTE: IF SHORT FORM AND VICTIM/PR ARE NOT THE SAME, ENTER PR INFORMATION IN INVOLVED PERSONS SECTION. | | |

Complete below sections if any CASE SCREENING FACTOR(S) boxes are not checked.

**USE OF FORCE**

**SUSP'S VEHICLE**
YEAR: UNK | MAKE: DODGE | MODEL: MAGNUM | TYPE: 4D
COLOR(S): SIL | VEH. LIC. NO.: NO PLATES | STATE:
INTERIOR COLOR: [ ] 1 BUCKET SEATS [ ] 2 DAMAGED INSIDE

EXTERIOR:
- [ ] 1 CUSTOM WHEELS
- [ ] 2 PAINTED INSCRIPT
- [ ] 3 LEVEL ALTERED
- [ ] 4 RUST/PRIMER
- [ ] 5 CUSTOM PAINT
- [ ] 6 VINYL TOP

BODY:
- [ ] 1 DAMAGE [ ] 5 RIGHT
- [ ] 2 MODIFIED [ ] 6 FRONT
- [ ] 3 STICKER [ ] 7 REAR
- [ ] 4 LEFT

WINDOWS:
- [ ] 1 DAMAGE [ ] 5 RIGHT
- [ ] 2 CUST. [ ] 6 FRONT
- [ ] 3 CURTAINS [ ] 7 REAR
- [ ] 4 LEFT

**NARCOTICS STOLEN/OND**

**S-1**
| SEX | DESC | HAIR | EYES | HEIGHT | WEIGHT | AGE | CLOTHING | NAME, ADDRESS, DOB, IF KNOWN; NAME, BKG. NO., CHARGE, IF ARRESTED. |
|---|---|---|---|---|---|---|---|---|
| M | W | UNK | UNK | 5'8-5'9 | 170-180 | 25-30 | BLK HAT, BURGUNDY/BLK FLANNEL, WS, LGHT GRY SHORTS, BLK SOCKS, BLK SHOES | |

PERSONAL ODDITIES (UNUSUAL FEATURES, SCARS, TATTOOS, ETC.): TT ON RT HAND UNK
WEAPON (VERBAL THREATS, BODILY FORCE, SIMULATED GUN, ETC. IF KNIFE OR GUN, DESCRIBE FULLY.): FEAR - THREATS OF GUN

**S-2**
| SEX | DESC | HAIR | EYES | HEIGHT | WEIGHT | AGE | CLOTHING | NAME, ADDRESS, DOB, IF KNOWN; NAME, BKG. NO., CHARGE, IF ARRESTED. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

PERSONAL ODDITIES (UNUSUAL FEATURES, SCARS, TATTOOS, ETC.):
WEAPON (VERBAL THREATS, BODILY FORCE, SIMULATED GUN, ETC. IF KNIFE OR GUN, DESCRIBE FULLY.):

**OHD/OIT**

**INVOLVED PERSON(S)**   W - WITNESS;   R - PERSON RPTG.;   S - PERSON SECURING (459);   D - PERSON DISCOVERING (459);   P - PARENT;
CP - CONTACT PERSON (DOMESTIC VIOLENCE)

**W**
NAME: HERNANDEZ, ANNETTE | SEX: F | DESC: H | DOB: 10/11/82 | ADDRESS R-: | CITY: | ZIP: | PHONE:
DR. LIC. NO. (IF NONE, LIST OTHER ID & NO.): D1200099 | FOREIGN LANGUAGE SPOKEN: | B-:
E-MAIL ADDRESS: | CELL PHONE:

**R**
NAME: SECURITY VARGAS, RICARDO | SEX: M | DESC: HIS | DOB: 7-18-2002 | ADDRESS R-: | CITY: | ZIP: | PHONE:
DR. LIC. NO. (IF NONE, LIST OTHER ID & NO.): YL675288 | FOREIGN LANGUAGE SPOKEN: | B-:
E-MAIL ADDRESS: | CELL PHONE:

**R**
NAME: SECURITY NOLAN, CURTIS | SEX: M | DESC: BLK | DOB: 50 | ADDRESS R-: | CITY: | ZIP: | PHONE:
DR. LIC. NO. (IF NONE, LIST OTHER ID & NO.): | FOREIGN LANGUAGE SPOKEN: | B-:
E-MAIL ADDRESS: | CELL PHONE:

**FIREARMS STOLEN/ LOST - DSYO A RAI CRMS PROPERTY TT SUPV/R**

**COMBINED EVID. RPT.**   USE THIS SECTION IN LIEU OF PROPERTY REPORT IF NO GUN AND NO MORE THAN THREE ITEMS OF EVIDENCE.
LOC. EVID. NO.: | 10.10.00 GIVEN? [ ]Y [ ]N | Preliminary Drug Test: | SUPV./INV. OFCR. TESTING SERIAL NO.: | WITNESS OFCR.: | SERIAL NO.:

| ITEM | QUAN. | ARTICLE | SERIAL NO./TYPE TEST OF DRUG | BRAND/DRUG WEIGHT, UNITS | MODEL NO./ DRUG TEST RESULT | MISC. |
|---|---|---|---|---|---|---|
| | | | | | | |

**CHILD ABUSE JUVENILE DIV**

**NARRATIVE** USE THE FOLLOWING HEADINGS TO DOCUMENT ALL INFORMATION REGARDING THE INVESTIGATION: ADDITIONAL PERSONS INVOLVED (separated by type); SOURCE OF ACTIVITY; INVESTIGATION; ARREST; INJURY/MEDICAL TREATMENT; PHOTOS, RECORDINGS, VIDEOS, DICV, BWV, AND DIGITAL IMAGING; BOOKING; EVIDENCE; CANVASSING; ADDITIONAL; COLLISION SUMMARY; PROPERTY STOLEN/LOST/RECOVERED/DAMAGED; AND COURT. DIV/GIA. FORM 18.30.01. FOR FURTHER INFO. NOTE: ANY OF THESE HEADINGS MAY BE OMITTED IF NOT APPLICABLE. SEE GENERAL REPORTING INSTRUCTIONS- FIELD NOTEBOOK DIVIDER, FORM 18.30.00, AND INVESTIGATIVE REPORT FIELD NOTEBOOK

**VICTIM INDEMNIFICATION INFORMATION (IF APPLICABLE)**
ANY OF THE VICTIM'S PROPERTY MARKED WITH AN OWNER APPLIED IDENTIFICATION NUMBER? [ ]YES [ ]NO
IF YES, EXPLAIN IN NARRATIVE

**APPROVAL AND REVIEW**
SUPERVISOR APPROVING: | SERIAL NO.: 37726 | DIVISION: MCSN
DATE & TIME REPRODUCED: | CLERK: | DIVISION:
DETECTIVE SUPERVISOR REVIEWING: | SERIAL NO.:
CATEGORY:

**EXTRA COPIES**

**Los Angeles Police Department**          **CONTINUATION SHEET**

| PAGE NO. 2 | TYPE OF REPORT | | Robbery | | | BOOKING NO. | DR NO. 2119-13090 |
|---|---|---|---|---|---|---|---|
| ITEM NO. | QU AN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |

**Suspect:** *M/W UNK / UNK 508 / 180 approximately 25-30 years old wearing a black and white bandana mask, black hat and burgundy flannel shirt, gray shorts, black socks and black shoes with white soles. Suspect had tattoos on his hands and eyelids.*

**Suspect Vehicle:** *estimated 2005-2007 Silver Dodge Magnum 4D with tinted windows and blacked out tail lights and a sunroof. No license plates displayed. No visible damage.*

**Source of Activity:**
On September 9, 2021 at approximately 1455 hours, my partner (Officer Kassens #42939) and I (Officer Altamirano #42965) were working Mission Division Patrol, Unit 19X99-W2. We were in police uniform, driving a marked black and white police vehicle. We received a radio call of a robbery just occurred at the Walmart on Roscoe Blvd and Van Nuys Blvd (8333 Van Nuys Blvd). Incident #210909002836.

Comments: SUSP M/W, 25YRS, HAT, BANDANA, NFD. SUSP L/S RUNNING INTO PANORAMA MALL. SUSP GAVE CASHIER NOTE INDICATING HE WILL SHOOT EMPLOYEES IF CASHIER DIDN'T GIVE HIM ALL THE MONEY IN REGISTER. NO WEAPONS SEEN. PROPERTY TAKEN: US CURRENCY

**Investigation:**
Upon arrival, my partner and I met with the Manager (Mike) who led us to the Assets Protection surveillance room. In there, the Witness (Hernandez, Annette) who was working the cashier register behind the Money Service desk. The Witness appeared distraught and stated that a man described as M/W UNK/UNK 508/180 approximately 25-30 years old wearing a black hat and burgundy flannel walked up to the counter and handed her a note demanding money from the register. After reading the note in disbelief, the Witness looked up at the Suspect. The Suspect stated, "Give me the money or I'll shoot you and then start with the kids." In fear, the Witness handed the Suspect all the money she had behind the counter and placed it in a black bag the Suspect produced from his pocket. The Witness stated she did not see a weapon and she observed unknown tattoos on the Suspects hands and eyelids. The Suspect placed the note in the bag with the cash and fled the location.

Assets Protection Ricardo Vargas showed my partner and I surveillance video of the incident. In the surveillance video, we observed the Suspect park his vehicle (Silver 4D Dodge Magnum with no license plates displayed) on the southeast corner of the Walmart between Walmart and the business "El Gallo Giro" at approximately 1430 hours. When the Suspect exits his vehicle, we observed the Suspect as a possible M/W wearing a black hat, light colored bandana, burgundy and black flannel long sleeve shirt, light grey or white shorts with a black stripe on the sides, long black socks, and black shoes with a white sole. The Suspect walks into Walmart through the Panorama Mall entrance at approximately 1435 hours. The Suspect then walks up to the Money Service counter located next to the Panorama Mall entrance and hands the Witness a note. My partner and I observed unknown tattoos on the Suspects hands as he was handing the note through the window. The Suspect then pulls out a black zippered satchel-like bag from the right side of his body, unfolds it and hands it to the Witness. The Witness puts the U.S. Currency in

**Los Angeles Police Department**

**CONTINUATION SHEET**

| PAGE NO. 3 | TYPE OF REPORT | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | Robbery | | | BOOKING NO. | DR NO. 21-13-13090 |
| ITEM NO. | QU AN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |

the bag and the Suspect then walks out of the Walmart through the Panorama Mall exit at approximately 1437 hours, walked to his vehicle and fled in an unknown direction on Van Nuys Blvd.

My partner and I advised Walmart staff members to close off the counter where the robbery took place so that we can hold the area for fingerprinting.

Surveillance video was not readily available to be copied on a disk for detectives at the time of this incident. Detectives can contact Vargas for the copy on a later date.

I contacted Robbery Detective Lehigh who advised the Suspect is possibly the same Suspect from a separate robbery that occurred at a Walmart Neighborhood Store on August 31, 2021 (DR#21-19-12716).

My partner put out a crime broadcast over the radio.

**Injury/Medical Treatment:**
None.

**Photos/Recordings/Videos/DICV/BWV/Digital Imaging:**
My partner took 12 photographs of the Suspect and Suspect vehicle.

**Canvassing:**
My partner and I canvassed the area for the Suspect and the Suspect vehicle but were met with negative results.

**Property Stolen/Lost/Recovered/Damaged:**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | 1 | U.S. Currency | UNK | U.S.A | UNK | various denominations | $12,485.42 |
| | | | | | | | Total: $12,485.42 |

**Additional:**
My partner requested Latent Prints and spoke with Martinez G9270 who stated they would go to the location on September 9, 2021 at an unknown time.

**Court Info:**
My partner and I can testify to the contents of this report. All statements are paraphrased and are not verbatim to our BWV.

PROOF OF SERVICE
STATE OF CALIFORNIA-COUNTY OF LOS ANGELES
I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action; my business address is:

21550 Oxnard Street, 3rd Floor.
Woodland Hills, CA 91367
On March 14, 2023, I served the foregoing: SECOND **AMENDED COMPLAINT**
On the interested parties in this action a true copy in a sealed envelope addressed to each person as follows:
**Daniel F. Fears, Esq.**
**Megan A. Mackie, Esq.**
**Payne & Fears, LLP**
**4 Park Plaza, Suite 1100**
**Irvine, CA 92614**
[ XX ] (By EMAIL) I caused above-referenced documents to be faxed to the addressee: mam@paynefears.com ; dff@paynefears.com

        the following Fax No:  Said facsimile transmission was reported completed without error.

        [ XX ] (By Mail) I caused such envelope, with postage thereon, fully pre-paid, to be placed in the U.S. Mail at Los Angeles, California 90017.

        [] (By Personal Service) I caused such envelope to be hand-delivered to the address set forth above.

        [] (By overnight delivery) by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by Federal Express for 2-day delivery at 21550 Oxnard Street, 3rd Floor, Woodland Hills, CA 91367 as is the ordinary business practice.

        STATE. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

        Executed on March 14, 2023, at Los Angeles, California.

_____
LEVI REUBEN UKU

PLEADING TITLE - 1